# UNITED STATES

v.

## Jesse NEWTON, 406 86 8388, Airman Recruit (E-1), U. S. Navy.

### NCM 80 0680.

U. S. Navy Court of Military Review.

Sentence Adjudged 5 June 1979.

Decided 28 Nov. 1980.

CDR Walter J. Landen, JAGC, USN, Appellate Defense Counsel.

LCDR Victor Fox, JAGC, USNR-R, Appellate Defense Counsel.

CAPT James P. Axelrod, USMC, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and BOHLEN, JJ.

SANDERS, Judge:

At a special court-martial tried by military judge alone appellant pleaded guilty to and was found guilty of unauthorized absences from 22 May 1977 until 1 June 1978, 23 October 1978 until 30 October 1978, 11 December 1978 until 21 February 1979 and 5 March 1979 until 29 April 1979. He was sentenced to confinement at hard labor for 6 months, forfeitures of $275.00 pay per month for 6 months and a bad-conduct discharge. The convening authority approved the sentence adjudged but, pursuant to a pretrial agreement, suspended all confinement at hard labor in excess of 2 months for the period of actual confinement and 6 months thereafter. The supervisory authority approved the action of the convening authority.

Appellant has advanced three Assignments of Error and three Supplemental Assignments of Error. We find merit in Assignment of Error II and Supplemental Assignment of Error III, no merit in Supplemental Assignments of Error I and II, and our action renders unnecessary any consideration of Assignments of Error I and III.

I

Specification 1 under the Charge initially alleged that appellant had absented himself

from his ship without authority on or about 7 April 1977 and remained so absent until on or about 1 June 1978. The sworn Charge, however, was not received by the officer exercising summary court-martial jurisdiction over appellant until 21 May 1979. When, prior to trial, the military judge called to the attention of trial and defense counsel that the statute of limitations, Article 43, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 843, might bar prosecution of this offense, the specification was amended to allege an absence from on or about 22 May 1977 until on or about 1 June 1978. During the military judge's inquiry into the providency of appellant's plea to the specification appellant acknowledged that, as a matter of fact, he failed to return from liberty on 7 April 1977 and remained continuously in an unauthorized absentee status until 1 June 1978.

██ An unauthorized absence is committed the instant the absence commences and is not a continuing offense. *United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951); *United States v. Morsfield*, 3 M.J. 691 (N.C.M.R.1977). Its duration is only a matter in aggravation relevant in determining punishment. *United States v. Lovell*, 7 U.S.C.M.A. 445, 22 C.M.R. 235 (1956). Therefore, when appellant admitted that his absence actually began some 45 days before the date alleged in the specification he was confessing to an offense with which he had not been charged and the military judge should have rejected his plea. Paragraph 70, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). Notwithstanding the advantages which both trial counsel and defense counsel believed they had gained for their clients through appellant's guilty plea to the specification as amended he should not have been permitted to plead guilty to a fiction. *United States v. Johnson*, 1 M.J. 36 (C.M.A.1975).

## II

██ Specification 3 under the Charge alleges an absence from on or about 11 December 1978 until on or about 21 February 1979. During the military judge's in-

quiry into the providency of appellant's plea of guilty to this specification appellant stated that on 11 December 1978 he was directed to report to the master-at-arms shack of his ship where he was served with a warrant for his arrest by Virginia authorities. Appellant went on to say that he was taken from the ship and subsequently tried, convicted of arson and awarded a suspended sentence. On 21 February 1979 appellant was released by the civil authorities and he returned to his command the same day.

Although appellant stated that his removal from his ship was without his commanding officer's permission, the military judge should not have assumed so readily that appellant's command was not acting in accordance with Article 14, UCMJ, 10 U.S.C. § 814, and § 1301, JAGMAN. At a minimum, further inquiry should have been made to determine whether appellant's absence was in fact excused. *See* paragraph 165, MCM.

Accordingly, we find appellant's pleas to specifications 1 and 3 under the Charge improvident and the findings of guilty of these specifications are set aside. Under the circumstances of this case no useful purpose would be served by a rehearing and the specifications are dismissed. The findings of guilty of specifications 2 and 4 and of the Charge are affirmed. The sentence is reassessed and only so much thereof is affirmed as provides for confinement at hard labor for 2 months and forfeitures of $275.00 pay per month for 2 months.

Chief Judge CEDARBURG and Judge BOHLEN concur.